Harry E. BROOKS and wife Palma J. Brooks, Plaintiffs-Appellants,

v.

Baxter FISHER, Gene Harris and Ed Hudgins, in their official capacities as members of the Board of Zoning Appeals of the City of Martin, Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

Oct. 25, 1985.

Application for Permission to Appeal Denied Dec. 30, 1985.

William B. Acree, Jr., Union City, for plaintiffs-appellants.

William Michael Maloan, Martin, for defendants-appellees.

CRAWFORD, Judge.

This case was before the trial court on common law writ of certiorari as embodied in T.C.A. § 27–8–101 (1984 Supp.) to review the action of the City of Martin's Board of Zoning Appeals denying plaintiff landowners a permit to use certain property as a fraternity house.

Plaintiffs had leased their property to Phi Kappa Tau Properties, Inc., with the understanding that the property would be used as a fraternity house by Phi Kappa Tau Fraternity. The lease agreement contained an option to purchase. The agreement is contingent upon obtaining a permit

that the property can be used as a fraternity house. Plaintiffs' request for the permit was made to the Board of Zoning Appeals pursuant to § B 2(a) of Article V of the zoning ordinances of the City of Martin which is as follows:

"2. *Uses Permissible on Appeal*

(a) Churches and other places of worship, parish houses, apartments, fraternities, multi-family dwellings, public libraries, schools offering general education courses, public parks and public recreational facilities, and railroad rights-of-way shall be permitted as a matter of right, provided however, that the provisions of this ordinance are observed and subject to approval of the site plans by the Board of Zoning Appeals. The Board of Zoning Appeals may attach such conditions to the permit as are necessary to minimize vehicle and pedestrian congestion and to preserve and protect the character of the district in which the proposed use is located. This power shall include: the power to require greater setbacks and yard spaces than required by other provisions of this ordinance, the power to specify access points and driveway and parking locations, and similar site design matters. This power shall not include the power to specify or alter the architectural style of proposed buildings, the power to specify building materials or colors, or other similar powers."

At the board hearing plaintiffs filed as a site plan a copy of their deed and a copy of the tax assessor's record showing the lot and house dimensions. Plaintiff Harry Brooks testified concerning the location of the property, the description of the house and lot and the size thereof. He also expressed his willingness to comply with any conditions imposed by the board in granting the permit. The vice-president of the fraternity testified that the property would be maintained in good repair and that the fraternity would use the property in a proper manner.

Neighbors were then allowed to testify concerning their opposition to the fraternity using this property and related details of problems that had occurred since several members of the fraternity had been occupying the house and in fact allowing the house to be used as a fraternity house. Testimony from these witnesses included complaints concerning noise, unruly conduct, beer drinking, congested parking, motor vehicle traffic and, in general, the incompatibility of a fraternity house and the neighborhood.

At the conclusion of the testimony, the chairman of the board reviewed the various shortcomings the board found in plaintiffs' request. Although plaintiffs' attorney requested the board to specify the conditions upon which the permit would be granted, the board unanimously voted to deny the request for a permit.

■ Under common law writ of certiorari the scope of review by the trial court is limited to a determination of whether the inferior tribunal has exceeded its jurisdiction, has followed unlawful procedure, has been guilty of arbitrary or capricious action or has acted without material evidence to support its decision. *See Watts v. Civil Service Board for Columbia*, 606 S.W.2d 274 (Tenn.1980); *Hoover Motor Express Company v. Railroad and Public Utilities Commission*, 195 Tenn. 593, 261 S.W.2d 233 (1953).

In dismissing the petition for writ of certiorari the trial court found that the board did not act illegally, arbitrarily, capriciously or discriminatorily, and that there was material evidence to support the decision of the board. Plaintiffs have presented two issues for review, but we find it necessary to consider only Issue No. 2 which is as follows:

2. Did the chancellor err in dismissing the plaintiffs' petition and thereby disallowing their request to use their property as a fraternity house.

Plaintiffs assert that the terms and provisions of the zoning ordinance do not authorize the board of zoning appeals to deny plaintiffs' request as it did in this case. On

the other hand, the board contends it was justified in denying the request because of the neighbors' testimony and the plaintiffs' failure to comply with the zoning ordinance by not filing a site plan.

 Since plaintiffs assert that the board exceeded its authority and acted beyond its jurisdiction we must determine from the ordinance the extent of the board's power. The rule of statutory construction to which all others must yield is that the intention of the legislative body must prevail. *City of Humboldt v. Morris,* 579 S.W.2d 860, 863 (Tenn.App.1978). This intent or purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, when read in the context of the entire statute, and without any forced or subtle construction to limit or extend the import of the language. *Worrall v. Kroger Company,* 545 S.W.2d 736, 738 (Tenn.1977).

 It is the duty of the court to reconcile inconsistent or repugnant provisions of a legislative enactment and to construe the law so that no part will be inoperative, superfluous, void or insignificant. It must give effect to every word, phrase, clause and sentence of the act in order to achieve the legislative body's intent, and it must construe the enactment so that no section will destroy another. *See City of Caryville v. Campbell County,* 660 S.W.2d 510, 512 (Tenn.App.1983).

The parties concede that the powers of the Board of Zoning Appeals as provided in the zoning ordinance are as follows:

2. Special Exceptions. To hear and decide applications for special exceptions upon which the Board of Zoning Appeals is specifically authorized to pass as follows:

(a) Article V. Section A–2a, Section B–2a, and Section C–2a. The board shall have the power to review proposals for those uses identified in these Sections and to impose such reasonable conditions as are necessary to preserve and protect the character of the neighborhood.

In Article V of the ordinance, Section B–1 sets out the uses permitted without condition or qualification. Section B–2 sets out the uses available as a matter of right upon request provided the requesting party complies with any reasonable conditions imposed on the grant of the permit by the board.

 The board contends that there was no site plan submitted by plaintiffs and that this warranted the denial of the request. Plaintiffs contend that the site plan is not defined by the ordinance and that they submitted their deed with the dimensions of the lot and the other material previously mentioned. We agree that the site plan is not defined in the ordinance, but reading the parts of the ordinance before us it is reasonably apparent that a site plan as contemplated by the ordinance is a proposal by the requesting party of what is intended for the land involved. Admittedly, plaintiffs' "site plan" submitted with the request is inadequate, but the ordinance does not contemplate or provide in any manner for a flat rejection of a request by the board. This inadequacy should have been addressed by the board in prescribing conditions and requirements for the use of the property. The ordinance contemplates an absolute right to use the property in this R–2 zone as a fraternity house upon complying with the reasonable conditions prescribed by the board for such use. In some instances a requesting party may be unable to comply with the reasonable conditions imposed, thus producing the same result as a denial. Nevertheless, the requesting party is entitled under the ordinance to use the property as provided upon compliance with the reasonable requirements of the board. In order for this absolute right to be recognized the reasonable conditions or requirements, if any, *must* be prescribed by the board.

The chancellor's comments indicate that he placed a great deal of credence on the testimony of the neighbors concerning the activities of plaintiffs' present tenants in the property. We find nothing in the ordinance before us which would make this a

criterion for the board to consider. The absolute right to use this property for a fraternity house is granted in the ordinance subject to any reasonable conditions imposed by the board. If the fraternity complies with the reasonable conditions imposed, the concern of the neighbors would not permit the board to deny the permit. *See Merritt v. Wilson County Board of Zoning Appeals*, 656 S.W.2d 846, 855 (Tenn.App.1983); *Harrell v. Hamblen County Quarterly Court*, 526 S.W.2d 505, 508–09 (Tenn.App.1975).

In the case before us we find that the City of Martin Board of Zoning Appeals failed to follow the dictates of the zoning ordinance under which it was acting and thus arbitrarily and capriciously exceeded its authority in denying plaintiffs' request. Therefore, the judgment of the Chancery Court is reversed and the case is remanded to the City of Martin Board of Zoning Appeals for further proceedings to prescribe any reasonable conditions and requirements for obtaining the permit requested.

The costs of the appeal are adjudged against appellees.

TOMLIN and HIGHERS, JJ., concur.