IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
MARCH 5, 2001 Session

# ROBIN M. BERRY, ET AL. v. WILSON COUNTY BOARD OF ZONING APPEALS, ET AL.

**Direct Appeal from the Chancery Court for Wilson County**
**No. 99224; The Honorable C. K. Smith, Chancellor**

---

**No. M2000-01995-COA-R3-CV - Filed June 5, 2001**

---

The Wilson County Board of Zoning Appeals denied Petitioner's request to establish a flea market or a gift shop/deli shop in property zoned C-3 (Highway Commercial). The Board denied Petitioner's request, finding that the Petitioner's proposed businesses were neither permitted uses nor uses permissible on appeal. Petitioner appealed the decision of the Board of Zoning Appeals to the chancery court. The chancery court reversed the decision of the Wilson County Board of Zoning Appeals. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Michael R. Jennings, Lebanon, for Appellants

James H. Kinnard, Lebanon, for Appellees

## OPINION

### Facts and Procedural History

On February 26, 1999, the Appellee, Robin M. Berry (Mrs. Berry), made an appeal to the Wilson County Board of Zoning Appeals from an adverse decision of the building inspector for property located on the south side of Highway 70 in the rural community of Shop Springs, Tennessee. Mrs. Berry initially sought to establish a flea market on her property. The property in question is classified under the Wilson County Zoning Ordinance as C-3, which is a highway commercial zone.

The matter came before the Wilson County Board of Zoning Appeals on March 19, 1999. Wilson County Planner Rick Gregory noted in his "staff recommendations" that "a flea market is a use neither permitted nor permissible on appeal in this district." Hence, Mr. Gregory recommended denial. As a result, Mrs. Berry's request was denied by the Board of Zoning Appeals. The Board reasoned that "[a] flea market is not permitted in a C-3 zoned district."

Subsequent to the March 19 meeting, questions arose about whether proper notice was given. Therefore, Mrs. Berry's case was set to be heard again at the next Board of Zoning Appeals meeting on Friday, April 16, 1999. At the April 16, 1999 meeting, Mrs. Berry was represented by Mr. Kinnard, who requested a deferral in order to obtain a stenographer. The Board unanimously granted the request for a deferral. As Mrs. Berry and her counsel were leaving the room, a citizen asked whether Ms. Berry could open a business before the next meeting. Board member Pat Patterson then stated that a stop order was to be issued from the building inspector to keep Mrs. Berry from operating a business on the premises until the Board took further action.

On May 21, 1999, Mrs. Berry once again appeared before the Wilson County Board of Zoning Appeals. Mrs. Berry's counsel requested to amend the application to allow for a gift shop and a deli, rather than a "flea market." Mrs. Berry stated that she mischaracterized her initial business proposal as a flea market. In reality, Mrs. Berry asserted that she planned to buy quality items for resale to the public, and she also planned to offer tobacco products, soft drinks, and deli related items. Mrs. Berry read her proposal to the Board and exhibited a drawing for the proposed parking lot, which would be capable of accommodating thirty to forty cars at any one time.

At the May 21, 1999 hearing, the Board questioned Ms. Berry about allegedly operating her business on the weekend of the "Watertown Mile Long Yard Sale" in violation of the stop work order that had been entered. Mrs. Berry's counsel stated that he spoke with the county attorney after the hearing regarding the stop work order, and the county attorney stated that he did not believe participating in the yard sale would violate the stop work order.

Mr. Woodruff, a county commissioner and local resident, spoke at the meeting in opposition to Mrs. Berry's appeal. Mr. Woodruff presented pictures of the area that were taken by local residents on April 17, 1999, which was the day of the "Watertown Mile Long Yard Sale." The pictures showed Mrs. Berry's property and approximately twenty vehicles parked along Highway 70 and in front of the property. At the conclusion of the hearing, the Board voted unanimously to deny Mrs. Berry's request, citing primarily traffic concerns.

Mrs. Berry filed her Petition for Writ of Certiorari on June 10, 1999. On July 28, 1999, Mrs. Berry filed a Motion for Judgment on the Pleadings. Wilson County responded to the Motion on September 28, 1999. The case was heard in chancery court on July 6, 2000. On July 13, 2000, the chancellor entered a final decree, finding that: 1) there was no material evidence to support the decision of the Wilson County Board of Zoning Appeals and therefore, the decision was arbitrary and void; and 2) the use requested by Mrs. Berry, either as a flea market or as a gift shop and/or deli

shop is a permissible use under Zoning Classification C-3 of the Wilson County Zoning Ordinance.

The Wilson County Board of Zoning Appeals appeals the decision of the trial court, citing three issues, as we perceive them, for our review:

I. Whether the chancellor erred in finding that the decision of the Wilson County Board of Zoning Appeals was arbitrary and void.
II. Whether the chancellor erred in finding that there was no material evidence to support the decision of the Wilson County Board of Zoning Appeals.
III. Whether the chancellor erred in finding that the use requested by the Petitioners, either as a flea market or as a gift shop and/or deli shop is a permissible use under Zoning Classification C-3 (Highway Commercial) of the Wilson County Zoning Ordinance.

## Standard of Review

Our scope of review, and that of the trial court, under a common law writ of certiorari, is to determine whether the Board exceeded its jurisdiction, followed unlawful procedure, acted arbitrarily or capriciously or acted without material evidence to support its decision. See Massey v. Shelby County Retirement Bd., 813 S.W.2d 462, 464 (Tenn. Ct. App. 1991); Brooks v. Fisher, 705 S.W.2d 135, 136 (Tenn. Ct. App. 1985).

## Law and Analysis

Under the common law writ of certiorari, courts may examine a lower court's decision to determine if it is arbitrary or capricious. Since judicial review under the Administrative Procedures Act also includes review to determine if an agency's decision is arbitrary or capricious, authorities describing that standard are helpful in defining those terms. In Jackson Mobilphone Co. v. Tennessee Public Service Commission., 876 S.W.2d 106 (Tenn. Ct. App. 1993), the court discussed the standard for determining whether a decision is arbitrary, stating that an agency decision not supported by substantial and material evidence in the record is arbitrary and capricious and, even where adequate evidence is found in the record, an agency's decision may still be arbitrary and capricious if caused by a clear error in judgment. See id. at 110 (citing Bowman Trans., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 284 (1974)). Furthermore, the court stated:

> A court should not apply Tenn. Code Ann. § 4-5-322(h)(4)'s "arbitrary and capricious" standard of review mechanically. In its broadest sense, the standard requires the court to determine whether the administrative agency has made a clear error in judgment. An arbitrary decision is one that is not based on any course of reasoning or exercise of judgment, or one that disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion.

Id. at 110-11 (internal citations omitted).

We will treat the first two issues presented by Appellants together. Specifically, the Appellants assert that 1) the chancellor erred in finding that the decision of the Wilson County Board of Zoning Appeals was arbitrary and void, and 2) the chancellor erred in finding that there was no material evidence to support the decision of the Wilson County Board of Zoning Appeals.

At the hearing before the Wilson County Board of Zoning Appeals, there was a discussion regarding Mrs. Berry's participation in the "Watertown Mile Long Yard Sale." Board members accused Mrs. Berry of violating the stop work order. Mrs. Berry asserted, however, that she was not operating a business. She claimed that she had simply participated in the Mile Long Yard Sale, as had nearly every other resident along Highway 70. Moreover, Mrs. Berry's counsel stated that he had spoken with the county attorney subsequent to the meeting where the stop work order was entered, and the county attorney stated that he did see how participation in the Mile Long Yard Sale would violate the stop work order. Pictures were presented that depicted approximately twenty vehicles parked along the highway and in front of Mrs. Berry's property. The pictures were introduced as typical of what the parking situation would be like if Mrs. Berry's appeal was granted. Upon review of the record, it is evident to us that the pictures taken on the day of the "Watertown Mile Long Yard Sale" played a substantial role in the denial of Mrs. Berry's request. After the Board members denied Mrs. Berry's request, they were asked by her counsel to state the reasons for their denial. Mr. Patterson stated that "[t]he reasons [sic] primarily is the traffic situation out there because, as I say, I was there [on the day of the Mile Long Yard Sale] when they had everything blocked completely up. . . ." Other Board members were also concerned with the traffic and safety of the area around the property.

Upon review of the record, we find that while this is evidence that may be considered material, the Board made a clear error in judgment. See Jackson Mobilphone Co., 877 S.W.2d at 110. At the hearing before the Board, it was evident that the vehicles depicted in the photographs were not necessarily coming to Mrs. Berry's place of business. Neighbors and other residents along the highway were also participating in the "Mile-Long Yard Sale." We find that the parking situation, as depicted in the photographs, was in no way illustrative of what the parking situation would be at Mrs. Berry's proposed business. Mrs. Berry testified that her proposed parking plan could accommodate thirty to forty vehicles at any one time. Since the photographs were substantially relied upon as evidence of traffic and safety problems, we find that the decision of the Wilson County Board of Zoning Appeals was arbitrary and void.

Next, the Appellants assert that the chancellor erred in finding that the use requested by the Petitioners, either as a flea market or as a gift shop and/or deli shop, is a permissible use under Zoning Classification C-3 (Highway Commercial) of the Wilson County Zoning Ordinance. The following uses are permitted under Section 5.32.02 of the Official Zoning Atlas of Wilson County, Tennessee.

5.32.02    USES PERMITTED
    A.    Automobile sales;
    B.    Bank;

C. Billboards and signs as regulated in Article 4, Section 4.10 of these regulations;
D. Boat Sales;
E. Convenience market;
F. Day care center;
G. Farming;
H. Farm Implement sales;
I. Fireworks stand;
J. Gasoline service station;
K. Hospital;
L. Hotel and motel;
M. Landscaping and/or garden center;
N. Lounge (establishment serving food and/or beverages for consumption on the premises);
O. Manufacturing incidental to retail, utilizing no more than 35% of the area of the structure for manufacturing;
P. Office;
Q. Parking Lot;
R. Restaurant;
S. Roadside stand;
T. Truck Stop;
U. Utility and/or governmental use;
V. Accessory structures and uses customarily incidental to the above permitted uses.

The following uses are permissible on appeal by the Board of Zoning Appeals:

A. Automobile repair and/or service, in conjunction with automobile sales;
B. Boat repairs and/or service, in conjunction with boat sales;
C. Caretaker's apartment for permitted uses;
D. Clinic;
E. Concrete casting;
F. Contractor's office and/or equipment yard;
G. Farm implement repair and service, in conjunction with farm implement sales;
H. General retail;
I. Motor vehicle repair;
J. Print shop;
K. Tire sales;
L. Transient mobile home park;
M. Any similar use which, in the opinion of the Board of Zoning Appeals, would be in keeping with the uses permitted and the general character of the area in which it is located.

Rules applicable to the construction of statutes and other ordinances also apply to zoning ordinances. City of Knoxville v. Brown, 260 S.W.2d 264, 267 (1953). Zoning ordinances should

be strictly construed. See id. at 267. Therefore, a zoning ordinance is construed as a whole, with words given their natural and ordinary meaning. See Tennessee Manufactured Hous. Ass'n v. Metropolitan Gov't of Nashville, 798 S.W.2d 254, 257 (Tenn. Ct. App. 1990).

Courts "must also construe zoning ordinances with some deference toward a property owner's right to the free use of his or her property." See Lions Head Homeowners' Ass'n v. Metropolitan Bd of Zoning Appeals, 968 S.W.2d 296, 301 (Tenn. Ct. App. 1997) (citations omitted). Courts should resolve ambiguities in a zoning ordinance in favor of a property owner's unrestricted use of the property. See id. at 301.

In the instant case, Mrs. Berry seeks to establish a flea market or a gift shop/deli shop. Mrs. Berry asserts that her business proposal is not a per se "flea market." Instead, she plans to purchase various items from discount warehouses and display the items for sale inside her store along with deli related items. The chancellor below found that Mrs. Berry's proposed uses were permissible under Zoning Classification C-3 of the Wilson County Zoning Ordinance. We note that some of the uses permitted under the C-3 classification include the following: 1) Convenience market; 2) Gasoline service station; 3) Lounge (establishment serving food and/or drink for consumption on the premises; 4) Restaurant; and 5) Roadside stand. As noted above, we must construe zoning ordinances as a whole, with some deference towards a property owner's right to the free use of her property. See Tennessee Manufactured Hous. Ass'n, 798 S.W.2d at 257; Lions Head Homeowner's Ass'n, 968 S.W.2d at 301. After a thorough review of the record, we find that under the unique facts of the instant case, the zoning ordinance encompasses a small retail facility/deli shop such as the one proposed by Mrs. Berry. Therefore, we find no error with the chancellor's decision that Mrs. Berry's proposed uses are permitted in the C-3 zoning classification.

### Conclusion

For the aforementioned reasons, we affirm the decision of the trial court. Costs on appeal are taxed to the appellants, Wilson County Board of Zoning Appeals; Kathy Dedmon, Wilson County Building Inspector; and Ricky Gregory, Wilson County Planning Official, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE