Ervin NOLL, Plaintiff-Appellant,

v.

**SHELTER INSURANCE COMPANIES,**
**and Alvin Donze,**
**Defendants-Respondents.**

**No. 51785.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 28, 1987.

Motion for Rehearing and/or Transfer
Denied May 27, 1987.

Application to Transfer Denied
July 14, 1987.

Donald L. Schlapprizzi, Margaret M. Neill, St. Louis, for plaintiff-appellant.

Denis C. Burns, Eric P. Rosenkoetter, St. Louis, Ray Dickhaner, Hillsboro, for defendants-respondents.

STEPHAN, Judge.

Plaintiff Ervin Noll, having suffered serious bodily injury in a single-car accident, successfully sued Scott Stark, the car's driver, for damages. Safeco Insurance Company paid plaintiff $25,000.00 of the $250,000.00 judgment on behalf of Nancy Percival, the car's owner. Plaintiff seeks the remaining $225,000.00 from defendant Shelter Insurance under the provisions of two automobile insurance policies Shelter issued to Scott Stark's father, Leonard Stark. The trial court has determined Shelter is not liable to plaintiff under the policies. Plaintiff appeals. We reverse.[1]

Because Shelter's insured, Leonard Stark, did not own the car involved in this accident, Shelter's liability to plaintiff, if any, is delineated by the following lan-

---

1. Plaintiff also sued Alvin Donze, the agent who sold Leonard Stark the policies in question. The trial court entered judgment for Donze. Plaintiff does not challenge this aspect of the decision. The judgment for Alvin Donze accordingly is affirmed.

guage, which appears in both of Stark's policies:

4. Persons Insured—With respect to the insurance afforded [for bodily injury], the following are insureds: ...

... (b) With respect to a non-owned automobile, (1) the named insured and, if an individual, his spouse, provided his or her actual operation or (if he or she is not operating) the other actual use thereof by the named insured or his spouse is with the permission, or reasonably believed to be with the permission, of the owner of such automobile and is within the scope of such permission, and (2) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of the named insured or his spouse under (b)(1) above.

Plaintiff asserts Scott Stark was an insured operator of a non-owned automobile within the meaning of this paragraph. Shelter asserts he is not, arguing that only the named insured, his spouse, and any other person vicariously liable for the named insured's or his spouse's tortious operation or use of a non-owned vehicle are afforded coverage.

 Because an insurance policy is designed to furnish protection, it should be construed so as to accomplish that object, not defeat it. *Meyer Jewelry Co. v. General Insurance Co. of America*, 422 S.W.2d 617, 623 (Mo.1968). Therefore, if a policy's provisions lend themselves to alternative interpretations, we will adopt the interpretation that affords greater coverage. To the extent that the above-quoted policy language is ambiguous we construe it most strongly against the insurer and accord to it its broadest reasonable interpretation. *Id.*

◼ Subsection (b)(1) of paragraph 4 provides Leonard Stark and his spouse liability coverage when they "operate" or "use" a car they do not own, so long as they operate it or use it with the owner's permission, and within the scope of that permission. "Use", as it appears in this subsection, is broad enough to embrace a situation where the named insured or his spouse permits another family member to drive a non-owned vehicle. See *Royal Indemnity Co. v. Shull*, 665 S.W.2d 345, 347 (Mo. banc 1984). It is undisputed that Nancy Percival lent her car to Leonard Stark so that members of his family could drive it while he was away with the family car. Thus, whenever a member of the Stark family drove the Percival car, Leonard Stark "used" it, within the meaning of subsection (b)(1). Consequently, if the family member's driving was negligent, so was Leonard Stark's use.

◼ Because Scott Stark's negligent operation of the Percival car may be considered a negligent "use" by Leonard Stark under subsection (b)(1), we believe Scott Stark may, within the meaning of subsection (b)(2), be considered a "person" whose liability to plaintiff arose "because of acts or omissions of the named insured or his spouse under (b)(1)". As such, he is an insured operator under both of Leonard Stark's policies.

The judgment is reversed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.