Philip A. BOYER, Respondent,

v.

GRANDVIEW MANOR CARE CENTER, INC. and Vada Mae Eder, Appellants.

No. 72376.

Supreme Court of Missouri, En Banc.

July 31, 1990.

As Modified on Denial of Rehearing Sept. 11, 1990.

George A. Barton, Julie A. Turner, Kansas City, for appellants.

Brian Timothy Meyers, Kansas City, for respondent.

ROBERTSON, Judge.

This case raises an issue of general interest and importance: whether defendants, as respondents, are required to argue the submissibility of the plaintiff's case when the plaintiff appeals the trial court's order granting a new trial. The Court of Appeals, Western District, held that by failing to argue submissibility on the initial appeal, defendants abandoned those claims on appeal following remand. We granted transfer and have jurisdiction. Mo. Const. art. V, § 10. We hold that defendants did not abandon their properly preserved submissibility claims and retransfer the case to the Court of Appeals, Western District, for consideration of the merits of defendants' appeal.

I.

A jury returned a verdict in favor of plaintiff, Philip Boyer, M.D., against defendants, Grandview Manor Care Center and Vada Mae Eder, for tortious interference with the physician-patient relationship. The jury awarded Boyer $340 actual damages and $230,000 punitive damages ($300,000 against Grandview Manor and $30,000 against Eder). The defendants filed mo-

tions for judgment notwithstanding the verdict and for a new trial. The motion for judgment notwithstanding the verdict argued, in addition to the submissibility of plaintiff's case, that the award of punitive damages was so excessive as to be unconstitutional.

The trial court sustained the new trial motion, finding that the verdict was so excessive as to be the product of bias, passion, and prejudice and that the punitive damage award bore no reasonable relationship to the injury sustained or to the evidence. The trial court also concluded that it had erred in overruling defendants' objection to plaintiff's closing argument.

Boyer appealed the order granting a new trial; the defendants cross-appealed, claiming that the trial court erred in denying their motion for judgment notwithstanding the verdict. The Court of Appeals dismissed defendants' appeal because, it reasoned, the order refusing to sustain the motion for judgment notwithstanding the verdict was not a final, appealable order. That court sustained Boyer's appeal and reversed and remanded with directions to "reinstate the verdict ... to conform with the pleadings." *Boyer v. Grandview Manor Care Center, Inc.*, 759 S.W.2d 230, 235 (Mo.App.1988).

On remand, the trial court entered judgment for Boyer for $340 actual damages and $130,000 punitive damages. Grandview Manor and Eder appealed. They renewed their claim that the trial court erred in failing to sustain the motion for judgment notwithstanding the verdict and urged appellate consideration of the issues of submissibility of the plaintiff's case and the constitutionality of the award of punitive damages preserved in their initial posttrial motions. They also contended that plaintiff's petition entitled plaintiff to no more than $100,000 in punitive damages.

On the second appeal, the Court of Appeals ordered the punitive damages reduced to $100,000, but held that the defendants waived their right to seek appellate review of their other claims by failing to argue those points in response to Boyer's appeal of the trial court's order granting the new trial. "By failing to raise those issues on the prior appeal," the Court of Appeals held, "those issues have been abandoned and may not be considered."

## II.

In *Robbins v. Jewish Hospital of St. Louis*, 663 S.W.2d 341 (Mo.App.1983), the jury returned a verdict favoring plaintiff. The trial court denied defendant's motion for judgment notwithstanding the verdict, but sustained the motion for new trial because it erroneously admitted evidence and erred in giving certain instructions. Plaintiff appealed the order granting the new trial; defendant appealed the denial of its motion for judgment notwithstanding the verdict. The court dismissed defendant's appeal.

The granting of defendant's motion for new trial erased the judgment against defendant; therefore, neither a final appealable judgment exists nor is defendant an aggrieved party with standing to appeal ... Nevertheless, where a plaintiff appeals asserting error by the trial court, the defendant *may* contest the issue of submissibility of plaintiff's case, an issue inherent in every appeal.

(Emphasis added). *Id.* at 344. The court went on to rule the submissibility question despite its dismissal of defendant's appeal.

It is, of course, axiomatic that issues not presented in the points to be argued in an appellate brief are abandoned and will not be considered by a reviewing court. *Hastings v. Coppage*, 411 S.W.2d 232, 235 (Mo.1967). This axiom operates differently upon appellants and respondents in the appellate process. The respondent's duty is no broader than to support the judgment. *Noll v. Shelter Insurance Companies*, 774 S.W.2d 147, 150 (Mo. banc 1989). In doing so, a respondent must respond to the points preserved and argued by the appellant to seek reversal of the trial court's order and may marshal every argument available in support of the judgment. This duty does not require a respondent to divine every conceivable outcome on appeal and argue against it. "Neither the language of the rules nor any case law

[of which] we are aware ... compels the inclusion in the respondent's brief of alternative or conditional points not raised by the appellant." *Noll,* 774 S.W.2d at 150.

### III.

 It appears from this record that defendants preserved their claims that plaintiff failed to make a submissible case and that the award of punitive damages in this case offends the United States Constitution in their motion for judgment notwithstanding the verdict. Those issues were neither expressly addressed nor inherently considered in the Court of Appeals' opinion in *Boyer v. Grandview Manor Care Center, Inc.,* 759 S.W.2d 230 (Mo.App.1988). We hold that defendants did not abandon those claims by failing to argue them on plaintiff's appeal of the trial court's order awarding defendants a new trial. Such claims may now be advanced by defendants on their appeal following remand. We, therefore, retransfer this case to the Court of Appeals, Western District, for consideration of the merits of defendants' constitutionality and submissibility claims.

BLACKMAR, C.J., RENDLEN, HIGGINS, COVINGTON and HOLSTEIN, JJ., and MORGAN, Senior Judge, concur.

BILLINGS, J., not sitting.