Anthony BARBER, Appellant,

v.

JACKSON COUNTY ETHICS COMMISSION, Respondent.

No. WD 54807.

Missouri Court of Appeals, Western District.

Nov. 3, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1998.

Application for Transfer Denied Feb. 23, 1999.

David B.B. Helfrey, Gary W. Hart, Helfrey, Simon & Jones, St. Louis, for appellant.

Jack L. Campbell, William E. Quirk, Richard M. Paul III, Shughart Thomson & Kilroy, P.C., Kansas City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE, C.J., and SMART, J.

ULRICH, Presiding Judge.

Anthony Barber appeals from the judgment of the trial court dismissing with prejudice his petition for writ of prohibition. He claims that this court's opinion and mandate from a prior appeal in this case disposed of only one issue and that other issues in his petition remain unresolved. The judgment of the trial court is affirmed.

This case arises out of the Jackson County Ethics Commission's investigation of allegations that a Jackson County employee had violated conflict of interest provisions of the county's charter. In 1995, the Ethics Commission received two verified complaints alleging that the Jackson County Minority Contractor Compliance Officer had accepted an interest-free loan or transfer of money from Mr. Barber. As part of its investigation, the Ethics Commission issued a subpoena duces tecum to United Missouri Bank seeking production of Mr. Barber's bank records pertaining to the allegations.

Mr. Barber filed a petition for preliminary and permanent writ of prohibition seeking to preclude enforcement of the subpoena issued to United Missouri Bank. In the petition, Mr. Barber raised several grounds to support issuance of the writ. Among these grounds was the assertion that the Ethics Commission lacked authority to issue subpoenas. The circuit court entered a permanent writ of prohibition holding that because neither the Missouri Constitution nor a state statute provided Jackson County with authority to grant to the Ethics Commission the power to subpoena records and testimony for a judicial

purpose, the subpoena was invalid. The circuit court found that the Ethics Commission's lack of authority to issue subpoenas was the dispositive issue in the case and did not address the remaining points raised in support of Mr. Barber's petition.

On appeal to this court, the Ethics Commission argued that the Jackson County charter authorized it to issue subpoenas and that the Commission did not perform a judicial function when it exercised its investigative authority under the charter. As the respondent on appeal, Mr. Barber responded to the Ethics Commission's arguments that it was authorized to issue subpoenas. He did not argue the alternative grounds raised in his petition for writ of prohibition challenging the enforcement of the subpoena.

This court in *Barber v. Jackson County Ethics Comm'n,* 935 S.W.2d 62 (Mo.App. W.D.1996), reversed the judgment of the trial court, finding that the Ethics Commission was properly granted the authority to issue subpoenas and, therefore, that the subpoena was valid. It held that the trial court erred in entering the permanent writ of prohibition barring the Ethics Commission from exercising the power to issue subpoenas and remanded the case to the trial court with directions to quash the writ of prohibition and dismiss the petition with prejudice. *Id.* at 67.

On remand, Mr. Barber moved for reinstatement of his cause to the trial court's active docket for purposes of addressing pending issues. The trial court overruled Mr. Barber's motion and, pursuant to this court's mandate in *Barber,* quashed the writ of prohibition and dismissed the petition with prejudice. This appeal followed.

On appeal, Mr. Barber argues that the trial court erred in dismissing with prejudice his petition for writ of prohibition. He argues that this court's opinion and mandate from the first appeal disposed of only one issue and that other issues remain unresolved. The issue presented in this case is what was Mr. Barber's duty, as respondent during the original appeal, to present issues he had asserted in his petition for writ of prohibition challenging enforcement of the UMB subpoena.

The Ethics Commission argues that Mr. Barber's "tactical decision" in the first appeal to focus entirely on the ground on which he prevailed before the trial court and to ignore any alternative grounds for sustaining the writ precluded him from presenting the alternative grounds to the trial court on remand. A similar argument was presented to the Missouri Supreme Court in *Noll v. Shelter Ins. Co.,* 774 S.W.2d 147 (Mo. banc 1989). In *Noll,* the plaintiff was severely injured in an automobile accident in a collision with a car driven by Leonard Scott Stark. A $250,000 judgment was entered against Mr. Stark, but he did not have insurance. His father carried separate insurance policies on two vehicles he owned. The plaintiff brought an equitable garnishment action against the father's insurance company alleging that Mr. Stark was an insured under the two policies issued to his father. The insurance company denied Mr. Stark's status as an insured. It did not plead the "anti-stacking" provisions of the policies. Following a full evidentiary hearing, the trial court found that the policies issued to the father did not provide coverage for Mr. Stark as an insured. *Id.* at 148.

On appeal, the plaintiff argued that the trial court erred in concluding that Mr. Stark was not an insured under the insurance policies issued to his father. The insurance company responded to the plaintiff's arguments regarding Mr. Stark's status of an insured. It did not include the alternative argument that whatever coverage existed was subject to the anti-stacking provisions of the policies. The court of appeals reversed the judgment of the trial court holding that Mr. Stark was an insured operator under both of his father's policies and remanded the case to the trial court. *Id.* at 149.

On remand, the plaintiff sought a writ of garnishment against the insurance company seeking to reach the insurance company's funds for application to the plaintiff's claims. The insurance company paid $100,000 representing the policy limits of each policy. It refused, however, to pay an additional $100,000 asserting the anti-stacking provisions of the policies. The trial court agreed that the anti-stacking provisions prevented recovery

of additional funds over the policy limits. The plaintiff again appealed claiming that the insurance company was barred from asserting a defense based on the anti-stacking provisions because the issue was not raised in the briefing of the first appeal. Following another reversal in the court of appeals, the Missouri Supreme Court granted transfer because of the importance of the procedural issue in the case. *Id.*

In affirming the trial court's judgment, the Missouri Supreme Court held that the insurance company did not waive its right to assert the anti-stacking issue when it failed to include the issue in its brief on the first appeal. *Id.* at 150. It explained that as the party in whose favor final judgment had been entered, the insurance company's duty on appeal was no broader than to support the judgment. *Id. See also Boyer v. Grandview Manor Care Ctr.*, 793 S.W.2d 346, 347 (Mo. banc 1990)("In so doing, a respondent must respond to the points preserved and argued by the appellant to seek reversal of the trial court's order and may marshal every argument available in support of the judgment.") It stated, "Neither the language of the rules nor any case law we are aware of compels the inclusion in the respondent's brief of alternative or conditional points not raised by the appellant." *Noll,* 774 S.W.2d at 150.

Unlike *Noll,* the original judgment of the trial court in this case addressed a single issue-whether the subpoena issued by the Ethics Commission to UMB was enforceable. As respondent in the first appeal, Mr. Barber was compelled to raise every argument in support of the judgment that the subpoena was invalid and, therefore, unenforceable. *Noll,* 774 S.W.2d at 150; *Boyer,* 793 S.W.2d at 347. His failure to raise before the appellate court the other arguments challenging enforcement of the subpoena asserted in his petition for writ of prohibition in addition to the argument that the Ethics Commission lacked constitutional and statutory authority to issue the subpoena waived the other arguments. The belief by the trial court that the constitution and statutes did not authorize the Ethics Commission to issue the subpoena to UMB and that that determination was dispositive of the question of the validity of

the subpoena and rendered moot Mr. Barber's remaining arguments challenging the legality of the subpoena did not relieve Mr. Barber of the duty on appeal to raise all arguments as to why the judgment of the trial court, that the subpoena was invalid, was correct. If a finding of fact was required regarding the remaining arguments not addressed by the trial court due to its belief that its determination on one argument was dispositive of the issue of the subpoena's validity, Mr. Barber was required to inform the appellate court in his original brief on appeal so that the appellate court could have made the appropriate order when rendering its opinion. Failure to so inform the appellate court waived any claim, if any can be made, of a need for a factual determination to resolve arguments not addressed by the trial court regarding the validity of the subpoena.

The judgment of the trial court dismissing Mr. Barber's petition as directed by this court in *Barber v. Jackson County Ethics Comm'n,* 935 S.W.2d 62 (Mo.App. W.D.1996), is affirmed.

All concur.