**Terri Ann MIENER, by and through her guardian and next friend, Clyde J. Miener, et al., Plaintiffs–Appellants/Cross–Respondents,**

v.

**MISSOURI DEPARTMENT OF MENTAL HEALTH, et al., Defendants–Respondents/Cross–Appellants.**

No. ED 75004.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 6, 2000.

Steven L. Leonard, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before MARY RHODES RUSSELL, C.J. and CRANDALL, J. and HOFF, J.

ORDER

PER CURIAM.

Terri Ann Miener (Terri),[1] by and through her guardian and next friend, Clyde J. Miener, and Clyde J. Miener

(Clyde), guardian and conservator of the estate of Terri Ann Miener, (collectively Plaintiffs) appeal from the trial court's August 14, 1998, judgment in favor of Missouri Department of Mental Health (MoDMH) and Dr. Roy Wilson (Wilson) on Plaintiffs' equity claim and the trial court's September 1, 1998, judgment in favor of MoDMH, Wilson, and Paul R. Ahr (Ahr) (all collectively referred to as Defendants) on Plaintiffs' damages claims.[2] Additionally, MoDMH and Wilson appeal from the January 19, 1999, judgment in favor of Plaintiffs on the Counterclaim filed by MoDMH and on a Motion for Damages and Restitution filed by MoDMH and Wilson. These appeals have been consolidated.[3]

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. The trial court's judgments are supported by substantial evidence and are not against the weight of the evidence. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. Judgments affirmed in accordance with Rule 84.16(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order

---

1. When it is necessary to refer to one of the two parties having the same last name, we will use that party's first name. By doing so, we do not mean to be disrespectful.

2. Any issues pertaining to the judgment on Plaintiffs' damages claims are abandoned and will not be considered on appeal because Plaintiffs have not pursued such issues in their points on appeal. *Boyer v. Grandview Manor Care Center, Inc.,* 793 S.W.2d 346, 347 (Mo. banc 1990); *Hedrick v. Chrysler Corp.,* 900 S.W.2d 233, 235 (Mo.App. E.D.1995).

3. Earlier we dismissed the appeals and remanded this matter for further proceedings in light of the apparent pendency of the Counterclaim due to its resolution by judgment after a conference in January 1999. *Miener v. Missouri Dep't of Mental Health,* No. ED75004,

slip op. (Mo.App. E.D. Oct.19, 1999). The parties thereafter filed a stipulation which, in relevant part, advised us the parties had agreed at that conference "that the [trial] court could take the counterclaim under submission for purposes of a judgment on the merits on the basis of the evidence and arguments submitted on the [earlier unsuccessful] summary judgment motion" filed by MoDMH and Wilson. After receipt of the parties' stipulation, we withdrew the October 19, 1999, opinion; stated a new opinion would issue "at [a] later date"; and denied as moot the then-pending motion for rehearing. *See Miener v. Missouri Dep't of Mental Health,* No. ED75004, 1999 WL 961255 (Mo.App. E.D. Dec.22, 1999).

affirming the judgment pursuant to Rule 84.16(b).